**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1555
_____

EDWARD FORCHION,
a/k/a "NJWEEDMAN"
Appellant

v.

PHILIP DUNTON MURPHY, Governor of the State of New Jersey
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:20-cv-16582)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 26, 2023.

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*

(Filed: January 30, 2023)
_____

**OPINION**[*]
_____

KRAUSE, *Circuit Judge*.

Although Edward Forchion—also known as NJWeedman—describes himself as

"the best known marijuana advocate in the history of the State of New Jersey," Opening

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Br. 8, he seeks to strike down New Jersey's recreational marijuana regime as inconsistent with federal law. The District Court ruled that Forchion lacked standing under Article III and dismissed his suit. Discerning no error, we will affirm.

## I. BACKGROUND

Over the past two decades, Forchion's theatrical approach to marijuana advocacy has repeatedly drawn the attention of law enforcement. State authorities have raided his illicit dispensaries, charged him with marijuana offenses, and jailed him on those charges.

On November 3, 2020, New Jersey voters effected a sea change in the state's marijuana law: they approved a referendum amending the state constitution to legalize recreational marijuana. To implement that amendment, the state legislature enacted a law permitting licensed businesses to sell recreational marijuana.

Forchion sued to invalidate that regime. He alleged that the referendum was "deceptive" because instead of legalizing marijuana for all, state authorities plotted to create a cabal of marijuana corporations and exclude people of color from the new market. Forchion also asserted that legalization would intensify law enforcement actions against him. Finally, he contended that New Jersey had violated federal law. The District Court determined that Forchion had not satisfied Article III standing and therefore dismissed his suit for lack of jurisdiction.

## II. DISCUSSION[1]

Article III requires a plaintiff to establish standing to sue in federal court. *See*

---

[1] The District Court had putative jurisdiction under 28 U.S.C. §§ 1331, 1367. We have jurisdiction under 28 U.S.C. § 1291. Although the District Court dismissed for lack

2

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). A plaintiff meets that burden by showing: "(i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citation omitted). Forchion fails to satisfy any of these indispensable elements, so the District Court did not err when it dismissed his case for lack of jurisdiction.

Although Forchion avers that New Jersey's marijuana regime violates federal law and will create a corporate cartel, those assertions do not show a particularized injury that affects Forchion "in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quotation omitted). Rather, those concerns are the kind of generalized grievances seeking to vindicate interests shared by all citizens that standing doctrine leaves to the political process. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 259 (3d Cir. 2009).

Nor has Forchion established an injury in fact based on the possibility that he will be excluded from the legal marijuana market. When he filed the operative complaint, Forchion had not yet applied for a marijuana distribution license. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (explaining "federal jurisdiction ordinarily

---

of subject matter jurisdiction, "we always [have] jurisdiction to determine [our] own jurisdiction." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019) (quotation omitted). We review a dismissal for lack of jurisdiction de novo. *Manivannan v. U.S. Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022). When assessing a facial jurisdictional challenge, we accept the plaintiff's well-pled allegations as true and review them in the light most favorable to the plaintiff. *Id.*

depends on the facts as they exist when the complaint is filed") (internal quotation and emphasis omitted).[2] Thus, his concern that New Jersey authorities would deny his application based on animus is too "conjectural or hypothetical" to satisfy standing. *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022) (quotations omitted).

Forchion's remaining grievance—that New Jersey's legalization of recreational marijuana will cause the state to "greatly ramp up its war against" him, Opening Br. 10—is similarly insufficient because Forchion has not shown causation or redressability. New Jersey's legal marijuana regime cannot cause law enforcement actions against Forchion because unlicensed marijuana sales are illicit regardless of that regime. *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (noting the causation element of standing requires something "akin to but for causation in tort" (quotations omitted)). For the same reason, invalidating the recreational marijuana law would not redress Forchion's alleged injury of retaliation and selective prosecution. Forchion has therefore not established the causation or redressability elements of Article III standing.

Finally, Forchion invokes cases examining standing doctrine under New Jersey law. Those cases are inapt because "Article III standing limits the power of *federal* courts and is a matter of *federal* law. It does not turn on state law, which obviously cannot alter the

---

[2] On appeal, Forchion moved to file a supplemental appendix showing that he applied for a marijuana distribution license and his application is pending. But even if the Court were to consider these documents, Forchion's contention that his application will be denied remains inadequate because his purported injury is "based on speculation and . . . contingent on future events." *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009). We therefore deny Forchion's motion as moot. *See Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 557 n.5 (3d Cir. 2022).

scope of the federal judicial power." *Yaw v. Del. River Basin Comm'n*, 49 F.4th 302, 316 (3d Cir. 2022) (quotation omitted).

## IV. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.